**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gwendolyn Smith, | No. CV-22-01537-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Gwendolyn Smith's counsel's joint application[1] for attorneys' fees under the Equal Access to Justice Act ("EAJA"). (Doc. 27). Defendant, Acting Commissioner of the Social Security Administration (the "Commissioner"), responded. (Doc. 28). Plaintiff also filed an unopposed motion for leave to file excess pages for Plaintiff's reply brief. (Doc. 31). The Court will grant Plaintiff's motion seeking to exceed the page limit for the reply and will consider the reply brief, (Doc. 32), in its analysis below.

**I.    BACKGROUND**

Plaintiff applied for Social Security disability benefits in July 2013. (Doc. 11-6 at 2, 4). Plaintiff's application was denied at the initial stage, upon reconsideration, and by an administrative law judge ("ALJ") after a hearing. (Docs. 11-4 at 12, 28; 11-3 at 27). The Social Security Administration ("SSA") Appeals Council denied Plaintiff's request for

---

[1] The application is a joint application between Plaintiff's counsel who handled the case at the District Court (Robin Larkin) and Plaintiff's counsel who handled the administrative hearing and the Ninth Circuit appeal (Eric Slepian).

review of the ALJ's decision. (Doc. 11-3 at 1). Plaintiff filed an action seeking review of the Commissioner's final decision under 42 U.S.C. § 405(g) and the District Court ordered the matter remanded for further development of the record. (Doc. 11-10 at 12, 18). On remand, an ALJ again denied Plaintiff's claim, (Doc. 11-9 at 31), and the SSA Appeals Council again denied Plaintiff's request for review, (Doc. 11-9 at 2). Plaintiff then filed another action seeking review of the Commissioner's final decision. (Doc. 14). This Court affirmed the Commissioner's decision. (Doc. 18). Plaintiff appealed. (Doc. 21). The Ninth Circuit Court of Appeals reversed and remanded. (Doc. 24).

## II.   LEGAL STANDARD

> A litigant is entitled to attorneys' fees under the EAJA if: '(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable.' *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A).

*Michele M. v. Saul*, No. 19-CV-00272-JLB, 2020 WL 5203375, at *1 (S.D. Cal. Sept. 1, 2020).

An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits are ultimately awarded. *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). The "position of the United States" includes both its litigating position and the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). To be substantially justified, a position must be "justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (holding that "substantially justified" means having a reasonable basis both in law and fact). In EAJA actions, the government bears the burden of proving that its position was substantially justified. *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).

When analyzing the government's position for substantial justification, the Court's inquiry should be focused on the issue that was the basis for remand and not the merits of

Plaintiff's claim in its entirety or the ultimate disability determination. *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 2008); *see also Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) ("The government's position must be substantially justified at each stage of the proceedings." (citation and quotation marks omitted)).

### III. ANALYSIS

Plaintiff's counsel jointly requests $25,830.61 in attorneys' fees plus $907.00 in filing fees. (Doc. 27 at 1). Plaintiff also requests an additional $1,939.16 for the time Plaintiff spent preparing the reply brief. (Doc. 32 at 1). The Court will discuss each EAJA entitlement prong in turn.

#### a. Prevailing Party

The first question is who the prevailing party is. The Commissioner does not dispute that Plaintiff is the prevailing party. Because the denial of Plaintiff's benefits was reversed and remanded, the Court finds Plaintiff is the prevailing party.

#### b. Substantially Justified

The Commissioner argues that "Plaintiff is not entitled to EAJA fees because the Commissioner's position was substantially justified." (Doc. 28 at 4). The Commissioner further explains that their position was substantially justified because (1) "[t]his case did not involve a violation of a law or regulation," (2) "[t]he Commissioner had a reasonable basis in law and fact for defending this case," and (3) this Court affirmed the Commissioner's decision. (Doc. 28 5-10). Plaintiff responds that the Commissioner's position was not substantially justified because of "ALJ procedural errors." (Doc. 32 at 3).

The Court must focus on the issue that was the basis for remand. The Ninth Circuit Court of Appeals found that the ALJ erred "in rejecting [Plaintiff's] testimony about the extent of her pain." (Doc. 24-1 at 2). The Ninth Circuit explained that the ALJ's rejection of such testimony was not supported by substantial evidence. (Doc. 24-1 at 2-3). When the Court of Appeals "hold[s] that the agency's decision . . . was unsupported by substantial evidence," it is "a strong indication that the 'position of the United States' . . . was not substantially justified." *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005). If "the

position of the government is not substantially justified, an award of attorney fees to the prevailing party is required unless 'special circumstances make an award unjust.'" *Gutierrez v. Barnhart*, 274 F.3d 1255, 1261 (9th Cir. 2001) (quoting 28 U.S.C. § 2412(d)(1)(A)). Accordingly, the government's position is not substantially justified and the Court will award attorney fees to Plaintiff unless special circumstances make such an award unjust.

### c. Special Circumstances
#### i. Incomplete Record

The Commissioner argues that an award of attorney fees to Plaintiff would be unjust based on "Counsel's failure to confirm with Plaintiff that the record was complete." (Doc. 28 at 11). Plaintiff responds that "[t]he record irregularity occurred innocently." (Doc. 32 at 7).

As explained by this Court in a previous Order, "[t]he ALJ noted that there were significant gaps in Plaintiff's pain treatment . . . [which] suggested that Plaintiff's symptoms had resolved." (Doc. 18 at 5). Although "the ALJ questioned Plaintiff about the length and frequency of her treatment . . . during the hearing, . . . Plaintiff did not mention or try to explain the significant gap in treatment." (Doc. 18 at 5). This Court therefore concluded "that the unexplained gap in Plaintiff's treatment . . . [was] a clear and convincing reason supported by substantial evidence for discrediting Plaintiff's subjective symptom testimony." (Doc. 18 at 5).

Eric Slepian represented Plaintiff both at the administrative hearing and before the Ninth Circuit Court of Appeals. (Doc. 28 at 2). According to Mr. Slepian's deposition, a medical provider "uintentional[ly] omi[tted] [] records from July 28, 2017 through January 21, 2019." (Doc. 28-1 at 3). Mr. Slepian claims he was unaware of the omission until Plaintiff received the District Court decision and Plaintiff "communicated that there was no gap in treatment and was adamant that [the medical provider] provided treatment on a monthly basis." (Doc. 28-1 at 4-5). After this, "based on the assertions of [Plaintiff]," Mr. Slepian requested records from the same medical provider and received records that

"demonstrate the absence of a gap in treatment." (Doc. 28-1 at 4). Mr. Slepian then filed a motion for Sentence 6 relief with the Ninth Circuit. (Doc. 32 at 8). However, the Ninth Circuit "did not reach the issue."[2] (Doc. 32 at 8).

Medical records are the quintessence of social security cases. The ALJ attempted to address the gap in Plaintiff's treatment during the hearing, (Doc. 11-9 at 52-53), and wrote about the gap in the ALJ's decision, (Doc. 11-9 at 24). Yet it appears that Mr. Slepian, either by mistake or because he did not communicate with Plaintiff, did not notice the missing medical records until *after* this Court affirmed the Commissioner's denial of Plaintiff's claim. This strikes this Court as a special circumstance under which awarding fees would be unjust.[3] Regardless of whether the incomplete record contributed to the Ninth Circuit's decision to reverse and remand, it would be unjust to force the government to pay for the time counsel spent correcting his own mistake.

Upon review, Mr. Slepian spent 18.80 hours rectifying the record.[4] Using the average EAJA rate,[5] the Court will deduct $4,723.04 from Mr. Slepian's fees. The Court itemized its reductions to Plaintiff's fee award in the spreadsheet attached to this Order in Appendix A. Mr. Slepian also asks for fees for time spent in preparing the reply brief. Because the reply also addresses other arguments, aside from the incomplete record issue, the Court will award those fees.

---

[2] Rather, the Ninth Circuit held that "the record before the ALJ does not support the ALJ's reliance on a gap from 2017 to 2019 in [Plaintiff's] records of treatment for pain" because (1) "[t]he treatment records show that in January 2019 [Plaintiff] *re*filled" a prescription for a pain management medication, and (2) Plaintiff was prescribed Narcan in late 2018. (Doc. 24-1 at 4 (emphasis in original)).

[3] As noted by the Court, Ninth Circuit case law "is clear that if a claimant complains about disabling pain *but fails to seek treatment*, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated." *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (emphasis added). In other words, the mere mention of Plaintiff's potential failure to seek treatment should have alerted Plaintiff's counsel to the issue.

[4] Mr. Slepian refers to a "Motion for Relief Pursuant to Sentences 4 and 6 of U.S.C. § 405(g)" separately from an "Opening Brief. (*See generally* Doc. 27-1). Plaintiff states that the issue of the "record irregularity" "was first raised . . . by way of a motion for Sentence 6 relief, filed with the Circuit Court." (Doc. 32 at 8). Accordingly, the Court reduced time entries that included tasks associated with the aforementioned motion.

[5] *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited June 2, 2025).

### ii. District Court Counsel

The Commissioner briefly argues a second special circumstance makes an award unjust. As the Commissioner points out, "Plaintiff lost before this Court and won at the Ninth Circuit. District court counsel . . . did not do any work for [Plaintiff] at the Ninth Circuit." (Doc. 28 at 15). The Commissioner argues that because "district court counsel did not contribute to Plaintiff's success, and instead only represented her in the unsuccessful case before this Court, it would be unjust for the Court to award fees to district court counsel." (Doc. 28 at 15). Plaintiff responds that "district court counsel raised and preserved the issues on which [Plaintiff] prevailed" and that without that contribution, "all would have been lost." (Doc. 32 at 10). Plaintiff further argues that "bifurcating" work in the way the Commissioner suggests is "disingenuous" and out of line with "how EAJA fees operate." (Doc. 32 at 10).

The Commissioner did not cite any legal authority to support its assertion that this Court has the ability to adjust the amount of fees to be awarded under EAJA when a plaintiff loses at the District Court but wins on appeal. Even if the Court had discretion to do this "bifurcation" of fees, the Court declines to do so. As discussed above, under Ninth Circuit precedent, the government's position was not substantially justified. As such, even though Plaintiff lost at the District Court level, that litigation was meritorious and was necessary for Plaintiff to appeal. Thus, the Commissioner has not shown that an award would be unjust on this basis.

### d. Reasonableness

Once the Court has found entitlement to fees under the EAJA, the Court must review the fees request to ensure that the amount of fees requested is reasonable. Indeed, the Court "has an independent obligation to ensure that the request is reasonable." *Antunez v. Comm'r of Soc. Sec. Admin.*, No. CV-16-01072-PHX-JAT, 2017 WL 4075830, at *2 (D. Ariz. Sept. 13, 2017) (citations omitted).

Plaintiff's counsel who handled the case at the District Court, Ms. Larkin, spent 35.40 hours on this case. (Doc. 27-1 at 8). Ms. Larkin's hourly rate matches the statutory

1. maximum hourly rate under EAJA. (Doc. 27 at 1). Plaintiff's counsel who handled the administrative hearing and the Ninth Circuit Appeal, Mr. Slepian, spent 67.70 hours on this case, which the Court reduced to 48.90. Mr. Slepian's hourly rate also matches the statutory maximum hourly rate under EAJA. (Doc. 27 at 1-2). Together, Plaintiff's counsel spent 84.30 hours on this case.

The Commissioner does not object to the hourly rate or the number of hours that Plaintiff's counsel spent on this case. After review of the relevant fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds that the requested number of hours is reasonable and that Plaintiff is entitled to the statutory hourly rate pursuant to the EAJA and *Thangaraja*, 428 F.3d at 876-77. *See also Mendoza v. Astrue*, No. CV-12-00078-PHX-JAT, 2016 WL 3627060, at *3 (D. Ariz. July 5, 2016) (awarding $19,127.50 in attorneys' fees for 95.65 hours in a case that was reversed and remanded by the Ninth Circuit Court of Appeals).

Finally, a prevailing party may recover fees for paralegal services so long as the fees are at prevailing market rates. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008). Here, Mr. Slepian requests 4.40 hours of paralegal time at $50.00 per hour. The Court finds that these paralegal fees are at prevailing market rates. *See Owens v. Comm'r of Soc. Sec. Admin.*, No. CV-16-00970-PHX-JAT, 2017 WL 3172868, at *2 (D. Ariz. July 26, 2017) (awarding paralegal time at hourly rate of $50.00).

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to file excess pages for the reply brief, (Doc. 31), is **GRANTED**. The Clerk of the Court shall file the reply currently lodged at Doc. 32.

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that Plaintiff's counsel's joint application for attorneys' fees, (Doc. 27), is **GRANTED** to the limited extent that Robin Larkin is awarded $8,592.83 and Eric Slepian is awarded $14,453.92. The parties are also awarded costs of $907.00.

Dated this 4th day of June, 2025.

James A. Teilborg
Senior United States District Judge

**Attached: APPENDIX A**

| Date | Service | Total Hours | Reduction (hours) | EAJA Rate | Reduction ($) |
|---|---|---|---|---|---|
| 10/16/23 to 10/23/23 | . . . Discuss potential missing records from Arizona Pain Specialist with client and legal assistant. Prepare and send request for period 8-1-17 through 12-31-18. . . . | 3.30 | 1.00 | $ 244.62 | $ 244.62 |
| 10/26/2023 | Receive and review records from Arizona Pain Specialist for the period 8-29-17 through 12-21-18. | 0.60 | 0.60 | $ 244.62 | $ 146.77 |
| 3/1/24 & 3/4/24 | Prepare, review and revise Affidavit of Eric G. Slepian regarding case history and missing records from Arizona Pain Specialist. Conduct legal research regarding Sentence 6 remands, research new and material evidence requirements and admissibility of new records on appeal. | 3.00 | 3.00 | $ 251.84 | $ 755.52 |
| 3/5/2024 | Finalize Affidavit of Eric G. Slepian. Contact Counsel for Defendant-Appellee regarding an incomplete Administrative record. . . . | 0.80 | 0.40 | $ 251.84 | $ 100.74 |
| 4/15/2024 | . . . [L]egal research regarding sentence 6 issues, . . . | 6.80 | 0.50 | $ 251.84 | $ 125.92 |
| 4/18/2024 | Draft Motion for Relief Pursuant to Sentences 4 and 6 of U.S.C. § 405(g). | 4.80 | 4.80 | $ 251.84 | $ 1,208.83 |
| 4/19/2024 | . . . Review Motion for Relief Pursuant to Sentences 4 and 6 of U.S.C. § 405(g). | 4.80 | 1.00 | $ 251.84 | $ 251.84 |
| 4/22/2024 | . . . Final revisions to Motion for Relief Pursuant to Sentences 4 and 6 of 42 U.S.C. § 405(g). | 4.00 | 1.00 | $ 251.84 | $ 251.84 |
| 5/1/2024 | Receive and review Appellee's Opposition to Plaintiff-Appellant's Motion for Relief Pursuant to Sentences 4 and 6 of 42 U.S.C. §  405(g). | 0.40 | 0.40 | $ 251.84 | $ 100.74 |
| 5/20/2024 | Draft Reply in support of Motion for Relief Pursuant to Sentences 4 and 6 of 42 U.S.C. § 405(g) | 3.30 | 3.30 | $ 251.84 | $ 831.07 |
| 5/22/2024 | Review/revise Reply in support of Motion for Relief Pursuant to Sentences 4 and 6 of 42 U.S.C. § 405(g) | 2.20 | 2.20 | $ 251.84 | $ 554.05 |
| 5/23/2024 | Final revisions to Reply in support of Motion for Relief Pursuant to Sentences 4 and 6 of 42 U.S.C. § 405(g) | 0.60 | 0.60 | $ 251.84 | $ 151.10 |
| | | Total Reduction (hours) | 18.80 | Total Reduction ($) | $ 4,723.04 |

**Robin Larkin**

| | Hours | Rate | Year | | Total |
|---|---|---|---|---|---|
| | 6.90 | $ 234.95 | 2022 | $ | 1,621.16 |
| | 28.50 | $ 244.62 | 2023 | $ | 6,971.67 |
| | | | Total | $ | 8,592.83 |

**Eric Slepian**

| | Hours | Rate | Year | | Total |
|---|---|---|---|---|---|
| | 4.40 | $ 244.62 | 2023 | $ | 1,076.33 |
| | 63.30 | $ 251.84 | 2024, 2025 | $ | 15,941.47 |
| **Paralegal** | 4.40 | $ 50.00 | N/A | $ | 220.00 |
| | | | Sub-Total | $ | 17,237.80 |
| | | | Minus Reductions | $ | 4,723.04 |
| | | | Sub-Total | $ | 12,514.76 |
| | | | Plus Reply | $ | 1,939.16 |
| | | | Total | $ | 14,453.92 |